UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ERIK TUCKER, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 25-131-DCR |
| v. | ) ) ) | |
| RACHEL HORN, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Erik Tucker is presently confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. Proceeding without an attorney, Tucker recently filed a civil rights Complaint with this Court. The Court screens Tucker's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).[1]

Tucker alleges that, while he was incarcerated at the LAC in January 2024, he tried to mail certain business-related documents, including but not limited to "original drawings of [his] (2) logos [and] (7) polo shirts and hat designs with designer notes," as well as "letters explaining [his] copyrights and trademarks for [his] business in detail." [Record No. 1 at 4] Tucker contends that he paid $7.38 to Rachel Horn, the mail clerk supervisor at the LAC, for certified mail service but ultimately, "[t]he mail never was delivered to the

---

[1] These provisions require the Court to dismiss any claim that is malicious, frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. At this stage, the Court accepts Tucker's factual allegations as true and construes his pleading liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003).

address" and was "never returned to [the] LAC where [he] was housed at the time of the transaction." [*Id.*]  Tucker also alleges that he filled out an open records request to obtain the United States Postal Service's PS Form 3800—the certified mail receipt used to prove that mail was sent—but was informed that the LAC mailroom never received the receipt after mailing his correspondence.  [*Id.* at 4-5] In summary, Tucker complains that he was trying to send mail to his family "to establish [his] business," but the mail "was never delivered and never returned to the prison" and he was unable to track it.  [*Id.* at 5]

In light of the foregoing, Tucker sues Horn in her individual capacity and says that she "intentionally seized and thwarted my mail from going out to [his] family to establish [his] business." [*Id.*]  Tucker claims that this constitutes a violation of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and he seeks $300,000 in compensatory damages and $300,000 in punitive damages.  [*Id.* at 5-6]

Tucker's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). While Tucker argues that Horn's actions violated his First Amendment rights, he is, at most, alleging one instance of interference with his mail.  [Record No. 1 at 4-5] And the United States Court of Appeals for the Sixth Circuit has repeatedly indicated that "isolated instances of interference" with a prisoner's mail does not generally constitute a violation of the inmate's constitutional rights.  *Johnson v. Wilkinson*, No. 98-3866, 2020 WL 1175519, at *2 (6th Cir. 2000) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)); *see also Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the proposition that isolated interference with a prisoner's mail does not rise to the level of a First Amendment

violation). Moreover, Tucker does not explain in any discernable way how Horn's actions vis-à-vis his mail amount to an unreasonable seizure in violation of the Fourth Amendment or a violation of his Fourteenth Amendment right to equal protection under the law. *See also Eaves v. Moon*, No. 3:21-cv-P296, 2023 WL 2544319, at *7 (W.D. Ky. March 16, 2023) (concluding that the *pro se* prisoner "failed to state a violation of the Fourth Amendment based on [a prison employee's] refusal to mail his letters"); *Hamilton v. Watson*, No. 2:24-cv-014, 2024 WL 1298054, *6 (W.D. Mich. March 27, 2024) (explaining, in the context of a *pro se* prisoner's pleading alleging unlawful disposal of mail, that the inmate failed to allege disparate treatment, as required to state an equal protection claim). Tucker's various claims against Horn are simply unavailing.

Accordingly, it is hereby **ORDERED** that Tucker's Complaint [Record No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted and this matter is **STRICKEN** from the docket.

Dated: April 21, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky